## 10999.  WALLS *v.* THE STATE.

The exceptions based upon the testimony of the defendant's wife as a
witness for the State are not ground for a new trial, under the facts
of this case. The other evidence demanded the verdict of guilty.

DECIDED JANUARY 27, 1920.

Accusation of pointing gun; from city court of Leesburg—
Judge Martin. September 2, 1919.

In an accusation based upon an affidavit of Sarah Walls, Zach
Walls (her husband) was charged with having unlawfully pointed
a shotgun at her. The evidence at the trial was as follows: Sarah
Walls testified: She was the wife of defendant. On or about "the
—day" of December, 1918, the defendant had a gun in his hands.
She did not know what he did with it. It was nighttime and
she was afraid and ran off. He was cursing and abusing her.
Whether he did anything with the gun or not she did not know
If he aimed a gun at her she did not know it. He did not shoot
at her. This was in Lee county. On cross-examination she testi-
that she did not want to testify against her husband, that she did
not want him convicted. Viney French testified that she was
across the street on the night the crime was alleged to have oc-
curred, and saw the defendant point and aim a shotgun at his
wife, and that Sarah Walls turned and ran off.

*Lippitt & Burt,* for plaintiff in error.

*J. B. Hoyl, solicitor,* contra.

BLOODWORTH, J. The accused was convicted of pointing a gun
at his wife. The special grounds of the motion for a new trial
are all based upon the fact that his wife was allowed to testify
against him. In an explanatory note to his approval of the
amendment to the motion for a new trial, the judge shows that he
fully instructed the wife as to her rights under section 1037
of the Penal Code of 1910, and that thereafter she "answered all
questions propounded freely and voluntarily, and was in no
instance ordered by the court to make answer to any question
propounded. On cross-examination by counsel for the accused the
witness answered that she did not wish to testify against her
husband, and did not want to see him prosecuted. Defendant's
counsel then moved to exclude the testimony of the witness, on the
ground that she did not want to swear against her husband."
Under this qualifying note there is no merit in the amendment to

the motion for a new trial. If, however, it was error to admit the evidence of the wife, the uncontradicted evidence of the other witness demanded a verdict of guilty.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*